# IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| RICK A. SELMAN, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | CIV-17-80-JHP-KEW |
| ) | |
| KAMERON HARVANEK, ) | |
| ) | |
| Respondent. ) | |

## RESPONSE TO PETITIONER'S MOTION TO FILE SUPPLEMENTAL AUTHORITY AND MOTION TO FILE SUPPLEMENTAL AUTHORITY

COMES NOW the Respondent and responds as directed by the Court on July 23, 2018. Respondent has no objection to Petitioner's motion to file supplemental authority and further moves to provide a recent published decision by the Oklahoma Court of Criminal Appeals.

### RATLIFF V. STATE

Petitioner points out that on July 13, 2018, an Order Affirming Denial of Post-conviction Relief was filed by the Oklahoma Court of Criminal Appeals in *Ratliff v. State*, PC-2018-0367. In *Ratliff*, the petitioner argued that her life sentence should be reduced due to *Luna v. State*, 2016 OK CR 27, 387 P.3d 956. The court noted that the district court found *Luna* did not extend to Ms. Ratliff because she was never sentenced to life without parole. The court held,

> We also agree with Judge Steidley's analysis that this claim is without merit. Petitioner was not sentenced to life without the

1

> possibility of parole. She has not shown that the sentence she received, a life sentence with the possibility of parole, violates the Eighth Amendment prohibition against cruel and unusual punishment.

The issue in *Ratliff* was whether *Luna* would be extended to include life sentences and the court found it did not. This is the context of the court's agreement with Judge Steidley noted above. Petitioner points out that within the court's recitation of Judge Steidley's district court order, the following was stated.

> Judge Steidley also noted that Petitioner will satisfy the life sentence per the policy of the Pardon and Parole Board upon completion of forty-five years regardless of whether she obtains parole.

Petitioner contends that this statement is included in the court's approval of "Judge Steidley's analysis." There are at several problems with Petitioner's view. The first is the above statement does not control the holding in the case because it was not the issue before the court. Secondly, the statement is not legal analysis but a factual statement regarding the district court's finding. Thirdly, a contextual reading of the opinion reveals the first statement, set out above, adopts the legal analysis of *Luna,* not the erroneous statement regarding the effect of a Pardon and Parole Board policy. Finally, if Judge Steidley believes that Ms. Ratliff will satisfy a life sentence upon completion of forty-five years, he is simply wrong as noted in Respondent's answer and below.

## LEE V. STATE

On May 31, 2018, the Oklahoma Court of Criminal Appeals issued a published opinion which specifically addresses the issue of the meaning of a life sentence in *Lee v.*

*State*, 2018 OK CR 14.  In *Lee*, the court stated at ¶ 10,

> Telling the jury that a life sentence is forty-five (45) years in prison is a misstatement of the law.  *See Anderson v. State*, 2006 OK CR 6, ¶ 24, 130 P.3d 273, 282-283 (a defendant *can be considered for parole* eligibility after serving 85% of 45 years).

The court explained in footnote 1, of *Lee*,

> Lawyers continue to confuse the punishment set out in our statutes with the administrative rules of the Pardon and Parole Board.  Under our penal statutes, a life sentence means the natural life of the offender.  The fact that the Pardon and Parole Board has arbitrarily set forty-five (45) years as the number the Board will use to comply with the "Forgotten Man Act", 57 O.S. Supp. 2013 § 332.7, does not affect the actual sentence; that number affects only when the Board will consider the inmate for purposes of parole.  *Lee*, footnote 1.

Unfortunately, Judge Steidley is one of the lawyers confusing the issue and misstating the law.  Fortunately, the Oklahoma Court of Criminal Appeals has now given a published decision that clearly resolves the issue by directly addressing the source of any confusion.

## **CONCLUSION**

While Petitioner notes ambiguous language in *Ratliff* that could create a question about the longevity of a life sentence, *Lee*, a published decision issued thirteen days earlier leaves no ambiguity and puts this matter to rest.

3

        Respectfully submitted,

        /s/ Gary Elliott_____
        Gary Elliott #13273
        Assistant General Counsel
        Oklahoma Department of Corrections
        3400 Martin Luther King Avenue
        Oklahoma City, Oklahoma 73111
        (405) 425-2515
        FAX (405) 425-2683

## CERTIFICATE OF SERVICE

On the 13th day of August, 2018, I mailed a true and correct copy of the foregoing, postage prepaid to:

Rick Selman #185426
P.O. Box 220
Stringtown, OK 74569

        s/ Gary Elliott
        Gary Elliott

4