# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| RICK A. SELMAN, | ) |
| Petitioner, | ) |
| v. | ) Case No. CIV 17-080-JHP-KEW |
| KAMERON HARVANEK, Warden, | ) |
| Respondent. | ) |

## OPINION AND ORDER

This matter is before the Court on Petitioner's petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2241. Petitioner is a pro se state prisoner in the custody of the Oklahoma Department of Corrections who currently is incarcerated at Mack Alford Correctional Center in Stringtown, Oklahoma. He is challenging the execution of his life sentence for First Degree Murder in Payne County District Court Case No. CRF-89-111, alleging he is being denied his liberty interest in being discharged from custody upon expiration of his sentence. Respondent has filed an answer to the petition, alleging Petitioner has not completed his life sentence (Dkt. 9).

The record shows that on December 22, 1989, Petitioner was sentenced to life in prison, and he was received into the Department of Corrections on January 5, 1990, to serve his sentence (Dkt. 1-2 at 1, Dkt. 9-1). On July 12, 2016, Petitioner was denied post-conviction relief in the Payne County District Court, where he argued his life sentence had been discharged (Dkt. 1-5). The Oklahoma Court of Criminal Appeals (OCCA) affirmed the

denial of post-conviction relief:

> In an order filed in the District Court July 12, 2016, the Honorable Phillip Corley, District Judge, denied Petitioner's post-conviction application. Judge Corley noted that Petitioner's claim was based on a jury instruction's explanation of a Life sentence. Judge Corley held Petitioner failed to present evidence establishing he was entitled to discharge the sentence entered in this case. We agree. Petitioner also fails to provide legal authority supporting his claims. Petitioner must support his allegations of error with argument and citations of authority. See Rule 3.5, *Rules of the Oklahoma Court of Criminal Appeals*, Title 22, Ch. 18, App. (2016).

*Selman v. State*, No. PC-2016-694, slip op. at 2 (Okla. Crim. App. Sept. 14, 2016) (Dkt. 1-8).

This Court finds Petitioner is relying on a misinterpretation of a jury instruction to support his argument. The instruction, however, clearly explains that the "calculation for *eligibility of parole* is based upon a term of forty-five (45) years . . . ." Oklahoma Uniform Jury Instruction 10-13B (emphasis added). Petitioner erroneously interprets this language to mean the "calculation" requires that he not be held in excess of forty-five (45) years, and his life sentence equals forty-five (45) years. That, however, is not what the instruction says.

In response to Petitioner's supplemental authority consisting of unpublished opinions by state district courts and the OCCA which concern life sentences (Dkts. 12, 14, 15), Respondent has submitted as supplemental authority the published case of *Lee v. State*, 422 P.3d 782, (Okla. Crim. App. 2018) (Dkt. 17 at 3). The *Lee* case held as follows:

> "Telling the jury that a life sentence is forty-five (45) years in prison is a misstatement of the law. *See Anderson v. State*, 130 P.3d 273, 282-83 (Okla. Crim. App. 2006) (a defendant *can be considered for parole* eligibility after serving 85% of 45 years).

*Lee*, 422 P.3d at 785 (emphasis in original). The OCCA further explained:

> Lawyers continue to confuse the punishment set out in our statutes with the administrative rules of the Pardon and Parole Board. Under our penal statutes, a life sentence means the natural life of the offender. The fact that the Pardon and Parole Board has arbitrarily set forty-five (45) years as the number the Board will use to comply with the "Forgotten Man Act," Okla. Stat. tit. 57, § 332.7 (2013), does not affect the actual sentence; the number affects only when the Board will consider the inmate for purposes of parole.

*Lee*, 422 P.3d at 785 n.1

Based on this recent explanation by the OCCA of the meaning of a life sentence in Oklahoma, the Court finds Petitioner has failed to state a claim for habeas corpus relief.

**Certificate of Appealability**

The Court further finds Petitioner has failed to make a "substantial showing of the denial of a constitutional right," as required by 28 U.S.C. § 2253(c)(2). In addition, he has not "demonstrate[d] that reasonable jurists would find [this] court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Therefore, Petitioner should be denied a certificate of appealability.

**ACCORDINGLY**, Petitioner's petition for a writ of habeas corpus (Dkt. 1) is DENIED, and Petitioner is DENIED a certificate of appealability.

**IT IS SO ORDERED** this 13th day of August 2019.

_____
James H. Payne
United States District Judge
Eastern District of Oklahoma